Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4739 | DATE | 12/28/2004 |
| CASE TITLE | James Curtis vs. A. Salazar et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. For the reasons set forth in the attached Order, Defendants' Motion for Summary Judgment [#40] is hereby **granted**. AK

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 29 2004 | 41 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | AK docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 12/28/2004 | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| FT/pecy | courtroom deputy's initials | 2004 DEC 28 PM 4:16 Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CURTIS # B30130, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 4739 |
| | ) | |
| OFFICER TIMBERLAKE and | ) | Magistrate Judge Arlander Keys |
| OFFICER JEFFERSON, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 29 2004

**MEMORANDUM OPINION AND ORDER**

On July 9, 2003, James Curtis sued the Cook County Sheriff and several supervisors and officers at the Cook County Jail, alleging that his Constitutional rights were violated during the course of his stay at the Cook County Jail. Mr. Curtis' Complaint alleged rights violations in connection with two separate incidents: he first alleged that on November 3, 2002, he was retaliated against, segregated and punished; he also alleged that, on January 19, 2003, Officer Jefferson grabbed him around the neck, choked him, and slammed him into a wall, and that Officer Timberlake hit him in the face with a closed fist, causing his head to hit the wall again.

The district judge to whom the case was initially assigned dismissed the case against the Sheriff and the supervisors, and dismissed the allegations relating to the November 2002 incident. *See Curtis v. Salazar*, 03 C 4739 (N.D. Ill. Minute Order entered November 10, 2003). Thereafter, the parties consented to proceed

41

before a magistrate judge, and the case was reassigned to this Court on April 28, 2004.

The case is currently before the Court on a motion for summary judgment filed by the only remaining defendants, Officer Percy Timberlake and Officer Charles Jefferson. These officers seek summary judgment on the ground that Mr. Curtis failed to exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In response to the defendants' motion, Mr. Curtis filed three documents, a "Motion to Deny Summary Judgment," and two "Amended Motions to Deny Summary Judgment," all of which the Court considers as an opposition to the defendants' motion.

Initially, the Court notes that, because Mr. Curtis is proceeding *pro se*, the defendants were required to provide notice concerning the requirements of the federal and local rules governing summary judgment proceedings in this Court, and the consequences of failing to satisfy those requirements. *See Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). The defendants have met their obligations in this regard, and so the Court turns to the merits of the defendants' motion.

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. §1997e(a). The defendants argue that Mr. Curtis has failed to exhaust the administrative remedies available to him, and that summary judgment in their favor is, therefore, appropriate. Mr. Curtis first claims that exhaustion is not required in this case because his claim alleges excessive force and, therefore, falls outside of §1997e(a)'s "with respect to prison conditions" language. Mr. Curtis is wrong. The United States Supreme Court has instructed that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002)(citing *Wilson v. Seiter*, 501 U.S. 294, 299 n.1 (1991)). Thus, the Court must consider whether Mr. Curtis, in fact, exhausted the remedies available to him in connection with the abuse he allegedly suffered on January 19, 2003. The Cook County Department of Corrections ("CCDOC") has established a grievance procedure, in effect at all times relevant to Mr. Curtis' lawsuit, that requires detainees who wish to file a grievance to write it up and drop it, within fifteen days of the alleged incident, into the designated locked box that is placed in the detainee's living unit. *See* CCDOC General Order No. 14.5 (effective 2/21/97)(establishing the procedures for handling grievances filed by Cook County Department of Corrections

detainees) (attached as Exhibit 2A to defendants' motion for summary judgment). Specifically, General Order No. 14.5 requires a detainee to write his grievance on an Inmate Grievance Form or, if none is available, to write the grievance on blank writing paper; the Order further requires that the detainee place his grievance "in the designated locked box located on each living unit within fifteen (15) days after the alleged grievable event has occurred." *See id.*, §§III, B.

There is some question as to whether Mr. Curtis actually wrote up a grievance about the January 19, 2003 incident. He states in his complaint and in his opposition briefs that he wrote a grievance, sealed it in an envelope and gave it to the social worker in his division, Sister Rosemary Dowd. But Sister Dowd submitted an affidavit in support of the defendants' motion, stating that she knows Mr. Curtis, that she has received several grievances from him in the past, and that she does not recall receiving a grievance from him on January 19, 20, 21, or 22, 2003. *See* Affidavit of Sister Rosemary Dowd, ¶¶3, 7 (attached as Exhibit 2 to defendants' Memorandum of Law). Sister Dowd further stated in her affidavit that, in her capacity as a CCDOC social worker, she is charged with processing detainee grievances; her general practice in this regard involves recording each grievance received in a master tracking log, assigning a control number to each grievance, and providing a copy of the grievance to the

4

grieving detainee. *Id.*, ¶¶5-6. Sister Dowd stated that, if she had received a grievance from Mr. Curtis in mid- to late January, 2003, she would have recorded it in the master tracking log and processed it in this manner. *Id.*, ¶8. Yet, Sister Dowd stated, she has no record of a grievance filed by Mr. Curtis in January or February 2003; she checked both the master tracking log and the CCDOC's grievance file, and found no information on such a grievance. *Id.*, ¶¶9-12.

But even if the Court accepts that Mr. Curtis wrote a grievance and handed it to Sister Dowd, there is still no question that the defendants are entitled to summary judgment on the grounds urged. "To properly exhaust, a prisoner must submit inmate complaints and appeals '*in the place*, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)(emphasis added)(quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). CCDOC's rules clearly and plainly require inmates to place grievances in designated drop boxes; Mr. Curtis admits that he failed to satisfy this requirement with respect to any grievance he may have written in connection with the January 19, 2003.

In his defense, Mr. Curtis argues that, despite what the written policies and rules say, jail personnel sometimes allowed detainees to file grievances by giving them to social workers, rather than dropping them in the designated boxes. As proof of

this point, Mr. Curtis submitted past grievances that he claims show that social workers sometimes failed to sign grievances and sometimes failed to write a control number on the grievances submitted by detainees. But the documents he submitted actually show just the opposite; the other grievances filed by Mr. Curtis all bear the signature of the social worker or CRW, and all show a control number. *See* Exhibits attached to Plaintiff's first "Amended Motion to Deny Summary Judgment."

**Conclusion**

For the reasons set forth above, the Court finds that Mr. Curtis failed to properly exhaust the administrative remedies afforded him by the CCDOC. Accordingly, the Court grants the defendants' motion for summary judgment [docket #40].

DATED: December 28, 2004

ENTER:

_Arlander Keys_
Magistrate Judge Arlander Keys
UNITED STATES DISTRICT COURT

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

| | |
|---|---|
| James Curtis | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 03 C 4739 |
| A Salazar | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☑ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment is hereby granted.

Michael W. Dobbins, Clerk of Court

Date: 12/28/2004

Alicia Castillo, Deputy Clerk